# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2010

No. 09-30999
Summary Calendar

Lyle W. Cayce
Clerk

CLIFTON R. HORNE

Plaintiff-Appellant

v.

WEEKS MARINE, INC. and ATLANTIC SOUNDING CO., INC.

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-9534

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Following a bench trial, plaintiff Clifton Horne appeals the dismissal of his claims under the Jones Act and for unseaworthiness against the defendants. We affirm.

I.

Horne was a Jones Act seaman and member of the crew of the dredge the TOM JAMES owned by Weeks Marine, Inc. at the time of his accident in May

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30999

2006.  Atlantic Sounding Co., Inc., a related company of Weeks Marine, was Horne's employer.  Horne claims negligence under the Jones Act and unseaworthiness of the dredge TOM JAMES caused his accident and resulting injuries.

The accident took place on May 26, 2006, while Horne was changing out the engine bearings in the TOM JAMES in the engine room.  Horne was using a board propped  into the main engine on one end and on a step stool near the other end to gain access to the engine bearings.  The district court found that Horne had participated in changing the engine bearings twice before using the same set up without incident.  It also found that the utilization of the board and step stool as a means of moving heavy engine parts did not render the TOM JAMES unseaworthy, as this set up was reasonably fit for its intended purpose.  From that finding we infer that the evidence also did not support a finding of negligence under the Jones Act.

The court based its findings on its conclusion that the set up was not intended to be sat upon, particularly at the end of the board beyond the step stool brace because sitting on the board at that spot would result in a see-saw effect upsetting the entire apparatus and the person attempting to sit there.  The court found that Horne knew or should have known that the board was not intended to be sat upon.  However, it was clear that Horne sat on the end of the board, the board collapsed, and he fell.

Horne's injuries were undisputed, a bulging disk that does not require an operation.  Horne's pain is managed by pain medication and the court found that, based on the testimony of both Horne's doctors, his complaints were over reactive.

The district court accordingly found in favor of the defendants and entered judgment dismissing the case.

2

No. 09-30999

II.

Based on our review of the record, the district court's factual findings are supported by substantial evidence.  Based on the district court's conclusion that the board apparatus was reasonably fit for its intended purpose of assisting in the bearing replacement, its conclusion that the TOM JAMES was seaworthy is correct.  *Gutierrex v. Waterman S.S. Co.*, 373 U.S. 206, 213 (1963); *Simon v. T.Smith & Son, Inc.*, 852 F.2d 1421, 1432-33 (5th Cir. 1988).  These same facts support the district court's conclusion that the defendants provided a reasonably safe place to work and therefore were not negligent.  *Ivy v. Security Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978), *cert. denied*, 446 U.S. 956 (1980).

III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.